IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GILL GROUP, INC.,
:
:
:
v.
:
: Civil Action No. CCB-09-2945
JOHN BAKER, ET AL.
:
:
...o0o...

## MEMORANDUM

Now pending before the court are motions to dismiss filed by defendants John Baker and Kitchen Resources. Plaintiff Gill Group, Inc. ("Gill") has sued Mr. Baker and Kitchen Resources, claiming that Mr. Baker materially breached his Employee Non-Disclosure and Confidentiality Agreement ("NDA") with Gill (Count I) and that Kitchen Resources tortiously interfered with the NDA (Count II) and seeking a permanent injunction against both defendants (Count III). After hearing oral argument on December 17, 2009, this court denied Gill's motion for a preliminary injunction. The issues in the present motions have been fully briefed and no oral argument is necessary. For the reasons stated below, defendants' motions will be granted.

## BACKGROUND

Mr. Baker began working as a project manager for Gill on or about August 10, 2005. Gill is a commercial kitchen equipment supply company and works as a subcontractor on projects with the United States Army Child Development Centers ("CDCs") through a general contractor, Atlantic Marine, Inc. ("Atlantic Marine"). Alvin Girardin is Atlantic Marine's contract manager and handles the company's work on the CDCs. As a project manager, Mr. Baker worked on Gill's CDC contracts and communicated via telephone and email with Mr. Girardin and Kevin Sheff, a U.S.

Army employee who served as Gill's point of contact. In addition, Mr. Baker had access to the Auto Quotes computer program system, used by Gill to generate customer price quotations.

On or about February 14, 2007, Mr. Baker entered into an Employee Non-Disclosure and Confidentiality Agreement with Gill. (*See* Am. Compl. Ex. A.) In part, the NDA prohibits Mr. Baker from disclosing, without prior authorization, "trade secrets consisting of but not limited to: ... unique business information and practices including customer lists, pricing, bidding practices, forms, pricing data ..." and any "confidential information [or] other proprietary data." (*Id.*) Gill terminated Mr. Baker's employment on August 17, 2009. The following day, Mr. Baker accessed Auto Quotes using his Gill email address. Gill claims that Mr. Baker accessed the program with the "intent of utilizing Plaintiff Gill's proprietary information contained on the computer system relating to Gill's vendor pricing, discount information, purchasing information, bidding information, and equipment manufacturer contacts." (Am. Compl. ¶ 11.) Upon learning of Mr. Baker's use of the program following his termination, Gill sent Mr. Baker a cease and desist letter.

On September 11, 2009, Gill learned that Mr. Baker and Mr. Sheff had exchanged emails relating to a demonstration table for the U.S. Army, a project that Mr. Baker had worked on as a Gill employee. On or about September 30, 3009, Gill discovered that Mr. Baker had contacted Mr. Girardin and advised him that he would submit a bid through his new employer, Kitchen Resources, for the same work and materials that Gill supplied to Atlantic Marine. Gill maintains that Mr. Girardin and Mr. Sheff do not normally receive bids on behalf of their respective employers. Therefore, Gill contends that Mr. Baker utilized Gill's proprietary information, consisting of Mr. Girardin's and Mr. Sheff's contact information, to communicate with them after his employment with Gill was terminated.

## ANALYSIS

A. *Kitchen Resources' Motion to Dismiss*

Kitchen Resources argues that the claims against it must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) because it was never properly served with process. Gill attempted to serve Kitchen Resources by taping the summons and complaint to a wall at the company's headquarters in Harlingen, Texas. Kitchen Resources contends that such service was improper under Federal Rule of Civil Procedure 4(h)(1), which governs the methods of service upon a corporation, partnership, or association. Gill has admitted that its service attempt was defective. (*See* Pl.'s Resp. to Kitchen Resources' Mot. to Dismiss ¶ 2.) Despite the fact that the court issued Gill a new summons for Kitchen Resources on December 11, 2009, Gill has failed to serve the new summons on Kitchen Resources. Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Well over 120 days have passed since Gill filed its complaint on November 5, 2009. In addition, Gill has failed to respond to Kitchen Resources' renewed motion to dismiss or otherwise show good cause for its failure to serve this defendant. Accordingly, the court will grant Kitchen Resources' motion to dismiss.

B. *John Baker's Motion to Dismiss*

Mr. Baker brings his motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). "[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted)

(quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir.1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions." *Id.* (internal quotation marks and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

Mr. Baker contends that the amended complaint must be dismissed because Gill has not plausibly alleged a violation of the NDA. Under the NDA, Mr. Baker may not "*use, disclose, or divulge* ... any trade secrets, confidential information, [or] other proprietary data." (Am. Compl. Ex. A (emphasis added).) With respect to the Auto Quotes program, however, Gill only accuses Mr. Baker of accessing the program with the "intent" of using the proprietary information he allegedly obtained. (*See* Am. Compl. ¶¶ 11, 18.) The complaint contains no allegations of actual unauthorized use, disclosure, or divulgence by Mr. Baker of the information contained on Auto Quotes.

Accordingly, Gill has failed to state a claim for breach of the NDA based upon Mr. Baker's entry into the Auto Quotes system following his termination.

Gill also claims that Mr. Baker utilized Gill's proprietary information, consisting of Mr. Girardin's and Mr. Sheff's contact information, in violation of the NDA. Gill does not allege that Mr. Girardin's and Mr. Sheff's identities are kept secret by their respective employers. Instead, it is likely that anyone interested in bidding on the CDC contract could contact the U.S. Army or Atlantic Marine and be put in touch with Mr. Sheff and Mr. Girardin.

The NDA defines "trade secret" to include "customer lists." When analyzing whether a customer list is a "trade secret," Maryland courts consider the following six factors:

> (1) the extent to which the information is known outside of [the] business; (2) the extent to which it is known by employees and others involved in [the] business; (3) the extent of measures taken by [the business] to guard the secrecy of the information; (4) the value of the information to [the business] and to [its] competitors; (5) the amount of effort or money expended by [the business] in developing the information; [and] (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Bond v. PolyCycle, Inc.*, 732 A.2d 970, 973 (Md. Ct. Spec. App. 1999). In *Home Paramount Pest Control Cos. v. FMC Corp./Agric. Prods. Grp.*, 107 F. Supp. 2d 684, 694 (D. Md. 2000), the court held that a customer list did not constitute a trade secret. Of significance to the court was the fact that the customers' names and addresses were publicly available. *See id.* at 693. Conversely, in *NaturaLawn of America, Inc. v. West Group, LLC*, 484 F. Supp. 2d 392, 399 (D. Md. 2007), where the identities of the customers were not widely known outside of the company and were carefully guarded, the court found that the customer list was indeed a trade secret. The present case is more similar to *Home Paramount*, as members of the public could readily discover the identities of Gill's contacts at Atlantic Marine and the U.S. Army. Further, the contracts at issue are government contracts subject to public competitive bidding where the price and quality of service are more

likely determinative than any personal customer relationship. *See Ecology Servs., Inc. v. Clym Envtl. Servs.*, 952 A.2d 999, 1008-09 (Md. Ct. Spec. App. 2008).

## **CONCLUSION**

For the foregoing reasons, both Kitchen Resources' and Mr. Baker's motions to dismiss will be granted. A separate Order follows.

<u>July 29, 2010</u>         <u>          /s/                   </u>
Date                              Catherine C. Blake
                                  United States District Judge